IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MARCO CELESTINE,           )
                           )
        Plaintiff,         )
                           )
                           )    No. CIV-17-13-M
v.                         )
                           )
                           )
CHRISTOPHER PAYNE, et al., )
                           )
        Defendants.        )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner who appears *pro se* and *in forma pauperis*, filed his Complaint in this 42 U.S.C. § 1983 civil rights action on January 5, 2017. United States District Judge Miles-LaGrange referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

In his Complaint, Plaintiff alleges claims of unconstitutional use of excessive force, unconstitutional conditions of confinement in a "cage" for seven hours, retaliation, and "racial discrimination." Plaintiff asserts supplemental state law claims of violations of the Oklahoma Constitution. He names as Defendants two correctional officials at James Crabtree Correctional Center.

Plaintiff admits in the Complaint that he failed to complete the administrative grievance procedure available to inmates in the custody of the Oklahoma

1

Department of Corrections. Plaintiff alleges that the administrative grievance procedure was rendered unavailable by a "threat of retaliation" and because the procedure "is so complex, confusing and opaque that no ordinary prisoner can understand and comply with it." Complaint (Doc. # 1), at 5. For his claims, Plaintiff seeks declaratory, compensatory, and injunctive relief.

Following the filing of the Complaint, Plaintiff notified the Court in writing of his custodial transfer to the James Boley Correctional Center. On January 31, 2017, in an Order Requiring Service and Special Report, Plaintiff was ordered to furnish to the Clerk of this Court within twenty-one (21) days sufficient copies of the Complaint and the necessary service papers for processing and issuance.

Even though Plaintiff appears *pro se*, Plaintiff is responsible for serving each Defendant with a summons and a complaint. See Fed. R. Civ. P. 4(c)(1); DeCesare v. Stuart, 12 F.3d 973, 980 (10th Cir. 1993)(recognizing that even though plaintiff was *pro se* he was "obligated to follow the requirements of Fed.R.Civ.P. 4").

Plaintiff was advised in the Order Requiring Service and Special Report entered January 31, 2017 (Doc. # 9) that proof of service is his responsibility and must be completed within 90 days from the date of the Order pursuant to Fed. R. Civ. P. 4(m).

To this date, Plaintiff has failed to comply with the Order Requiring Service and Special Report, and Plaintiff has failed to serve either Defendant with process.

Plaintiff has not requested an extension of time to comply with the Court's Order entered January 31, 2017.

Pursuant to Fed. R. Civ. P. 4(m), the court may extend the time for completion of service if the plaintiff shows "good cause" for the failure to timely serve the defendant. "If good cause is shown, the plaintiff is entitled to a mandatory extension of time." Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995).

Plaintiff was notified in an Order entered May 2, 2017 (Doc. # 10) of the undersigned's intention to recommend dismissal of the instant action without prejudice unless Plaintiff showed good cause by May 22, 2017, for his failure to show proof of timely service upon Defendants. To this date, Plaintiff has not responded to the show cause Order, and he has not shown good cause for his failure to effect timely service of process upon the Defendants named in this action.

The finding that Plaintiff has not demonstrated good cause for a mandatory extension of time to effect service does not end the Court's inquiry. "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." Id. at 841. A permissive extension of time may be warranted "if the applicable statute of limitations would bar the refiled action" or where "policy considerations might weigh in favor of granting a permissive extension of time." Id. at 842 (quotation marks and citation omitted).

In this case, the applicable statute of limitations governing Plaintiff's § 1983

claims is two years. See Meade v. Grubbs, 841 F.2d 1512, 1524 (10th Cir. 1988). The allegations in the Complaint involve alleged constitutional deprivations occurring in October 2016. Therefore, the applicable statute of limitations would not expire as to these claims until October 2018. Moreover, there are not policy considerations weighing in favor of a permissive extension of time. Thus, a permissive extension of time to effect service in this action is not warranted.

The cause of action should be dismissed without prejudice for failure to timely serve Defendants and for failure to prosecute the action. See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th Cir. 2007)(holding where dismissal of action is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures").

## RECOMMENDATION

In view of the foregoing findings, Plaintiff's 42 U.S. C. § 1983 action should be dismissed without prejudice. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by __June 20th__, 2017, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first

time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __31st__ day of __May__, 2017.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE